IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HUGO SORIANO, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:13-CV-00089 |
| | § | |
| U.S. CUSTOMS AND BORDER PROTECTION, AN AGENCY OF THE UNITED STATES OF AMERICA AND CLAUDIO ARMIJO | § § § § | |
| | § | |
|    *Defendants.* | § | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants, U.S. Customs and Border Protection, An Agency of the United States of America and Claudio Armijo, by and through their undersigned attorneys, in answer to the Plaintiff's Complaint state as follows:

#### A. PARTIES

1. Defendants are without sufficient information to admit or deny the allegation of Plaintiff's place of residence as contained in Paragraph 1 of the Complaint.

2. The allegations of Paragraph 2 of the Complaint appear to be a recitation of civil process rules and statements of intent to which no response is deemed necessary.

3. Defendants deny the allegations of Paragraph 3 of the Complaint. Defendant affirmatively states that the sole proper defendant in a Federal Tort Claims Act (FTCA) case is

the United States. The Agency is not a proper Defendant nor is Claudio Armijo, the individually named Defendant. This Suit does not therefore name a proper party under the FTCA and should therefore be dismissed. The agency and individually named defendant in this case must be dismissed. 28 U.S.C. § 2679(b)(1). The discussed service is futile as it involves non-proper parties to the FTCA. Finally, Defendant will request this Court direct the Court Clerk to strike, seal or redact the purported address of the federal law enforcement officer set out in this Paragraph.

### B. JURISDICTION

4. To the extent that Paragraph 4 of plaintiff's Complaint contains statements of jurisdiction and conclusions of law, no response is deemed necessary. Defendant expressly denies those remaining allegations of Paragraph 4 alleging negligence on the part of Defendant resulting in injury to Plaintiff.

### C. VENUE

5. Paragraph 5 of the Complaint appears to contain a statement of venue to which no response is deemed necessary. To the extent an answer is required; Defendants admit that the act or omissions alleged in Plaintiff's Complaint did occur within the Southern District of Texas but deny that the Complaint names any proper party to an FTCA claim.

### D. CONDITIONS PRECEDENT

6. Defendants are without sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint.

### E. FACTS

7. Defendants admit the portions of the first two sentences of Paragraph 7 of the Complaint alleging that on May 13, 2011, Plaintiff was operating a vehicle northbound on the inside lane of

the 500 block of East 7th Street in Brownsville, Texas and that Defendant Claudio Armijo was operating a vehicle owned by the Government traveling west on Washington Street in Brownsville, Texas. The defendants deny each and every remaining allegation contained in this paragraph.

### F.  FEDERAL TORT CLAIMS ACT

8. Defendants expressly deny the allegations of the first sentence of Paragraph 8 of the Complaint and admit that at all times herein Defendant Armijo was within the course and scope of his employment exercising due care as alleged in the second sentence of this Paragraph. The remaining allegations of this paragraph are denied.

### G.  DAMAGES

9. Defendants deny the allegations stated in Paragraph 9 of the Complaint including each and every subpart lettered "a" through "h".

### H.  PRAYER

10. Paragraph 21 of plaintiff's Complaint appears to be a Prayer for relief and contains no allegations to which a responsive pleading is required. To the extent that a response is deemed necessary, Defendants deny that Plaintiff is entitled to any relief in this lawsuit.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to name any proper defendant under the FTCA and the Complaint must be dismissed.  28 U.S.C. § 2679(b)(1).

### THIRD AFFIRMATIVE DEFENSE

At all times Defendants acted with due care and diligence including the use of emergency lights and siren exercising due regard for the safety of others using the highway.  See, TEX. TRANS. CODE §§545.156, 546.001(2), and 546.005.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages and injuries, if any, were sustained without any negligence or fault or want of care on the part of any Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are a result of his own comparative negligence which due to his failure to have proper licensure for the operation of a motor vehicle, and his disregard of the Texas Transportation Code Section 545.156 which states Plaintiff is responsible for yielding the right of way to an emergency vehicle, was responsible for at least fifty-one percent of the negligence in this action.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that any damages demanded by Plaintiff shall be reduced by the amount of collateral source benefits, paid or payable, available to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is subject to, and limited by, the Federal Torts Claims Act, 28 U.S.C. sections 1346(b), 2671 et seq., including but not limited to each and every applicable exception thereto contained in § 2680, including but not limited to §2680(a).

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to offset any medical costs which have been adjusted, waived and/or otherwise offset by any/all healthcare providers and /or insurer.

### NINTH AFFIRMATIVE DEFENSE

Defendant pleads contributory negligence of Hugo Soriano for which the United States is not legally responsible.  TEX.CIV.PRAC.& REM.CODE § 33.001.

### TENTH AFFIRMATIVE DEFENSE

The Federal Tort Claims Act prohibits prejudgment interest. 28 U.S.C. § 2674.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to the amount of the claim that Plaintiff presented administratively. 28 U.S.C. § 2675 (b).

### TWELFTH AFFIRMATIVE DEFENSE

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiff's alleged injury, cutting off the legal effect of the Defendant United States' negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, including Plaintiff, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to offset any medical costs which have been adjusted, waived and/or otherwise offset by any/all healthcare providers and/or insurer.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust his administrative remedies, this court lacks jurisdiction over the subject matter of this action.

WHEREFORE, having fully answered, Defendant asks that the action against it be dismissed in its entirety and that the Defendant is granted costs and such other relief the Court deems just and proper.

Respectfully submitted,

**KENNETH MAGIDSON**
**UNITED STATES ATTORNEY**

By:  *s/ Virgil (Hank) Lewis, II*
**VIRGIL (HANK) LEWIS**
Assistant United States Attorney
Federal ID No. 15314039
N.M. State Bar ID No. 1531
One Shoreline Plaza
800 North Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
(361) 888-3111
(361) 888-3200 (Facsimile)
VLewis@usdoj.gov (Email)

Attorneys for the Defendants

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 19th day of July, 2013 a true and correct copy of the foregoing instrument was forwarded to all interested parties in accordance with the Federal Rules of Civil Procedure as stated below.

| | |
|---|---|
| Ed Stapleton<br>Stapleton & Stapleton<br>2402 Wild Flower, Suite C<br>Brownsville, Texas 78526 | Via Facsimile:  (956) 504-0814<br>& Via U.S. Regular Mail |
| Georginna Del Valle<br>Begum Law Group<br>2401 Wild Flower, Suite B<br>Brownsville, Texas 78526 | Via Facsimile:  (956) 982-8602<br>& Via U.S. Regular Mail |

            *s/ Virgil (Hank) Lewis, II*_____
            **VIRGIL (HANK) LEWIS, II**
            Assistant United States Attorney